**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-02428-CMA-BNB

JAMES KLEINERT, an individual,
SPIRIT RIDERS FOUNDATION, a New Mexico nonprofit corporation, and
DAVID GLYNN, an individual,

    Plaintiffs,

v.

KENNETH SALAZAR, in his official capacity as Secretary,
   United States Department of Interior,                                       ROBERT
ABBEY, in his official capacity as Director, Bureau of Land Management,
STEVE BEVERLIN, in his official capacity as iField Manager,
   Dolores Public Lands Office
SALLY E. WISELY, in her official capacity as BLM Colorado State Director,
CONNIE CLEMENTSON, in her official capacity as Field Officer,
   Dolores Public Lands Office, and
GREG SHOOP, in his official capacity as District Manager, Royal Gorge Field Office,

    Defendants.

---

## ORDER DENYING PLAINTIFFS' EMERGENCY MOTION WITHOUT PRIOR NOTICE AND DIRECTING FURTHER BRIEFING ON STANDING

---

This matter is before the Court on Plaintiffs James Kleinert, Spirit Riders Foundation, and David Glynn's Complaint (Doc. #1) and Emergency Motion for Temporary Restraining Order ("Emergency Motion") (Doc. # 7). This matter is also before the Court on Defendants' Objection to Filing of *Ex Parte* Documents and Request for an Opportunity to Be Heard on Any Motion. (Doc. #10.)

Having considered Defendants' Objection, the Court denies Plaintiff's Emergency Motion without prior notice. The Court will treat Plaintiff's Motion as a request for a preliminary injunction hearing. However, having reviewed both the Complaint and the Emergency Motion, the Court questions whether Plaintiffs have standing to commence the instant action. Accordingly, the parties are directed to submit further briefing on the issue of standing.

## I. **BACKGROUND**

On September 14, 2011, Plaintiff initiated this action against Defendants Kenneth Salazar, in his official capacity as Secretary of the United States Department of the Interior; Robert Abbey, in his official capacity as Director of the Bureau of Land Management; and Steve Beverlin, in his official capacity as Field Manager of the Dolores Public Lands Office (BLM/USFS); Sally E. Wisely, in her official capacity as BLM Colorado State Director; Connie Clementson, in her official capacity as Field Officer of the Dolores Public Lands Office (BLM/USFS); and Greg Shoop, in his official capacity as District Manager of the Royal Gorge Field Office. (Doc. # 1.) This action arises from two Bureau of Land Management environmental assessments and records of decision concerning the roundup of wild free-roaming horses in the Spring Creek Herd Management Area, which comprises about 22,000 acres in Southwest Colorado, as well as post-roundup activities, including gelding, adoption, transporting, and the short- and long-term holding of horses. (Doc. # 1 at 1-2; Doc. # 7 at 3.) Plaintiffs assert the following two claims for relief against Defendants: (1) violations of Wild Free-

2

Roaming Horse and Burros Act, 16 U.S.C. § 1331, *et seq.*; and (2) violations of the National Environmental Protection Act, 42 U.S.C. § 4321, *et seq.*  Additionally, Plaintiffs seek declaratory and injunctive relief, as well as costs and attorneys' fees under the Equal Access to Justice Act.

Today, Plaintiff filed the instant Emergency Motion.  Plaintiffs represent that the complained-of wild horse roundup occurred from Friday, September 16, 2011, through Sunday, September 18, 2011.  (Doc. # 7 at 4.)  Accordingly, Plaintiffs ask the Court to preserve the status quo by entering temporary injunctive relief and requiring various actions to be taken, including segregating all of the rounded up horses in short term holding and using a means of identification to track the horses, and prohibiting the Bureau of Land Management from gelding any of the captured stallions until the Court decides Plaintiffs' motion for preliminary injunction.

## II.  STANDING UNDER THE WILD FREE-ROAMING HORSES AND BURROS ACT AND THE NATIONAL ENVIRONMENTAL POLICY ACT

In an attempt to establish standing, Plaintiffs assert that they "are and represent American people who have benefitted from wild horses being living symbols of the historic and pioneer spirit of the West, providing a diversity of life forms within the United States, enriching their lives emotionally, spiritually, and aesthetically by wild horses including those [rounded up] in the Spring Creek Herd."  (Doc. # 1, ¶ 7.)  Additionally, Plaintiffs assert that they "derive rich and significant spiritual enrichment from knowing that all wild Free-Roaming horses on [Bureau of Land Management ("BLM")] land,

3

including the Spring Creek Herd," are protected from cruelty and inhumane actions under the Wild Free-Roaming Horse Act." (*Id.*, ¶ 14.)

Plaintiffs also assert the following, in further support of standing:

- Plaintiffs have personally studied and researched, and seek to educate the public about the practices of the BLM in helicopter roundups and trap pen methods, including specifically with respect to the Spring Creek Herd;

- Plaintiffs have personally studied and researched, and seek to educate the public about the post-capture wild horse practices of the BLM[.]

- Plaintiffs have personally studied and researched, and seek to educate the public about the horse slaughter industry practices, including of sales to "kill" buyers of private and also captured wild horses.

- Defendants' actions and failures to act, as set forth in greater detail herein, inflict current and ongoing harm to Plaintiffs' procedural and substantive interests as set forth herein.

- Plaintiff James Kleinert is an individual residing in the State of New Mexico, and who has been visiting Southwestern Colorado since before 2007. Plaintiff James Kleinert visited the Spring Creek [Herd Management Area ("HMA")] for the first time in the summer of 2007 with Plaintiff David Glynn, just prior to the 2007 roundup of the Spring Creek Herd by the BLM. Mr. Kleinert has since visited and spent time with the Spring Creek Herd about 25 times.

- Plaintiff Spirit Riders Foundation, Inc., is a nonprofit corporation formed under the laws of the State of New Mexico. It produces multimedia state fo the art audio-visual programming to educate, enlighten, entertain and to create positive understanding, hope and action among people and cultures. James Kleinert is the artistic director of Spirit Rider Foundation, his films involving wild horses are promoted through the foundation and its website.

- Plaintiff David Glynn is an individual who has lived and worked in San Miguel County, the county in which the HMA is predominantly. For over 5 years, he has had a personal interest in the Spring Creek Herd. His life revolves around the Spring Creek Herd, including spiritually and aesthetically. He has spent nearly 200 days in Spring Creek Basin

> observing, communing and living with the Spring Creek Herd, including on horseback (his own horses). He has identified many of the horses, and knows many of the horses personally, and they, in turn, recognize him.

(*Id.*, ¶¶ 10, 11-12, 15-18.)

In order to establish standing, a plaintiff must show that (1) it has suffered a concrete injury in fact; (2) a fairly traceable connection between the alleged injury in fact and the alleged conduct of the defendant; and (3) the plaintiff's injury likely will be remedied by the relief requested. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 274-74 (2008). "An association has standing to bring suit on behalf of its members if (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Am. Forest & Paper Ass'n v. U.S. E.P.A.*, 154 F.3d 1155, 1158-59 (10th Cir. 1998) (internal quotation omitted). "The alleged injury must be concrete and particularized and imminent or actual, as opposed to conjectural or hypothetical." *Roe No. 2 v. Ogden*, 253 F.3d 1225, 1229 (10th Cir. 2001) (citing *Vermont Agency of Natural Res. v. United States ex. rel. Stevens*, 529 U.S. 765, 771 (2000)).

Because this Court has no subject matter jurisdiction where the plaintiffs lack standing,[1] the parties are directed to address whether Plaintiffs' have established standing to bring claims under the Wild Free-Roaming Horse and Burros Act and the

---

[1] *See Utah Ass'n of Counties v. Bush*, 455 F.3d 1094, 1099 (10th Cir. 2006).

National Environmental Protection Act on their behalf as well as the members of the non-profit organization, Spirit Riders Foundation.

### III. CONCLUSION

Accordingly, IT IS ORDERED THAT:

(1) Plaintiffs' *Ex Parte* Emergency Motion for Temporary Restraining Order (Doc. #7) is DENIED and will be deemed a request for a Preliminary Injunction hearing;

(2) The parties shall submit simultaneous briefing on the issue of standing in connection with Plaintiffs' claims under the Wild Free-Roaming Horse and Burros Act and the National Environmental Protection Act **by no later than close of business on Monday, September 26, 2011**; and

(3) Upon receipt and review of the parties' supplemental briefs, the Court will consider the propriety of setting this matter for an evidentiary hearing in connection with Plaintiffs' request for injunctive relief.

DATED: September   19  , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge