IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **11-cv-02428-AP**

**JAMES KLEINERT,**
**SPIRIT RIDERS FOUNDATION,** a New Mexico nonprofit corporation, and
**DAVID GLYNN,**

       Plaintiffs,

v.

**KENNETH SALAZAR,** in his official capacity as Secretary, United States Department of Interior,
**ROBERT ABBEY,** in his official capacity as Director, Bureau of Land Management,
**STEVE BEVERLIN,** in his official capacity as Field Manager Dolores Public Lands Office (BLM/USFS),
**SALLY E. WISELY,** in her official capacity as BLM Colorado State Director,
**CONNIE CLEMENTSON,** in her official capacity as Field Officer Dolores Public Lands Office (BLM/USFS), and
**GREG SHOOP,** in his official capacity as District Manager Royal Gorge Field Office,

       Defendants.

---

**ORDER**

---

Kane, J.

On September 14, 2011, Plaintiffs filed a complaint challenging two Bureau of Land Management environmental assessments and records of decision under the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*, and the Wild Free Roaming Horses and Burros Act of 1971, 16 U.S.C. § 1331 *et seq.* As Plaintiffs properly noted, the Administrative Procedure Act, 5 U.S.C. § 500, *et seq.*, provides the framework for their challenge. *See* Complaint (doc. 1) at ¶ 30 (citing the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*).

Despite the fact that Plaintiffs' complaint clearly challenged a final agency action, the case was assigned by random-draw to Judge Christine Arguello. This assignment was directly

1

contrary to D.C.COLO.LCivR 40.1(D), which expressly provides for the assignment of such cases to this court's "AP" docket.

Unfortunately, Judge Arguello failed to notice this oversight, instead treating the case as an ordinary civil case. She considered and denied Plaintiffs' Emergency Motion for Temporary Restraining Order, in the process ordering the parties to submit simultaneous briefing addressing whether Plaintiffs had standing to challenge the Bureau of Land Management's actions. Order Denying Plaintiffs' Emergency Motion without Prior Notice and Directing Further Briefing on Standing (doc. 11). Further compounding matters, Judge Arguello referred the case to Magistrate Judge Boyd N. Boland for all nondispositive proceedings, including discovery.[1] Order Referring Case (doc. 13).

In compliance with Judge Arguello's order, Defendants submitted their brief addressing Plaintiffs' standing on September 26, 2011. Plaintiffs filed a Request for Clarification and Unopposed Motion for Extension of Time to File Briefs on Issue of Standing, noting that they had not yet served Defendants and intended to file an amended complaint. Before Judge Arguello could rule on this motion, however, Plaintiffs filed and Judge Arguello granted a Motion to Recuse based on Judge Arguello's past professional and current personal relationship with Defendant Ken Salazar, the Secretary of the Interior, and this case was reassigned to Judge William Martinez, once again in contravention of D.C.COLO.LCivR 40.1(D).

Judge Martinez also failed to recognize the fact that this case was an appeal of a final agency action that should have been assigned to the "AP" docket for further proceedings. He

---

[1] For obvious reasons, a final agency decision before the district court for appellate review under the Administrative Procedure Act is not subject to discovery under either Fed. R. Civ. P. 16 or 26.

denied as moot Plaintiffs' motion, finding briefing on the issue of standing to be unnecessary at this early stage of the proceedings, at which point this case resumed its journey through the court's civil docket and back to Magistrate Judge Boland's in accordance with Judge Arguello's original referral.  Finally, prompted by the setting of a Rule 16 Scheduling Conference, on October 20, 2011, over a month after Plaintiffs' filed their complaint, Defendants filed a motion seeking reassignment of this case to the "AP" docket.

To be blunt, the failure to recognize this action as an agency appeal and properly assign it at the time of filing, initial assignment, or re-assignment is bewildering.  As evidenced by the proceedings in this case, the failure to properly assign cases to the AP docket has real consequences, including squandering the resources of both the parties and the court and unnecessarily delaying proceedings.[2]  The duty to understand and comply with the local rules regarding assignment of cases to the "AP" docket is borne both by staff in the clerk's office and judicial officers.  Although the clerk's office bears the initial responsibility for screening and assigning cases, judicial officers should also assess the nature of cases assigned to them and consider whether they are appellate in nature and therefore inappropriate for referrals for discovery proceedings.

I take this opportunity to note that the benefit of the "AP" docket lies in its consistent and timely application of the procedural and substantive requirements dictated by the Adminstrative Procedure Act and articulated by the Tenth Circuit in *Olenhouse v. Commodity Credit Corp.*, 42

---

[2] For another example of the consequences of failing to properly assign, or seek re-assignment of, a case to the "AP" docket, see *Sherer v. U.S. Forest Serv., et al.*, 720 F. Supp. 2d 1080 (D. Colo. 2010) (case originally filed as declaratory judgment class action and ultimately reviewed, after extensive (two year) pretrial proceedings including an aborted appeal to the Tenth Circuit on finality/subject matter jurisdiction grounds, on the administrative record under the Adminstrative Procedure Act).

F.3d 1560 (10th Cir. 1994).  The procedures envisioned by this court in creating the "AP" docket are not exclusive; on the contrary they can be implemented by any judicial officer who recognizes his or her function as a quasi-appellate body when reviewing an administrative agency's decision on the record.  S*ee Olenhouse*, 42 F.3d at 1580.

In any case, the required procedures have not been followed in this case.  Because this case has now been properly assigned to the AP docket, however, it is ordered that the Order of Reference to Magistrate Judge (doc. #13), entered September 21, 2011, is **VACATED**.  Within 20 days from the filing of an answer, the parties shall meet and confer in order to adopt a Joint Case Management Plan.[3]  Counsel should try in good faith to agree upon matters covered in the Plan. Any area of disagreement should be set forth with a brief statement concerning the basis for the disagreement.

Counsel shall submit a proposed Joint Case Management Plan no later than  November 24, 2011.

Dated:  October 25, 2011                                  BY THE COURT:

**/s/ John L. Kane**
Senior U.S. District Court Judge

---

[3] In formulating this plan, counsel should refer to the Instructions for Preparation of Joint Case Management Plan for Petitions for Review of Agency Action in Environmental Cases located on the Judicial Officer's Procedures page of the court's internet site.