**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action No. **11-cv-02428-AP**

**JAMES KLEINERT,**
**SPIRIT RIDERS FOUNDATION,** a New Mexico nonprofit corporation, and
**DAVID GLYNN,**

       Plaintiffs,

v.

**KENNETH SALAZAR,** in his official capacity as Secretary, United States Department of Interior,
**ROBERT ABBEY,** in his official capacity as Director, Bureau of Land Management,
**HELEN HANKINS,** in her official capacity as BLM Colorado State Director,
**CONNIE CLEMENTSON,** in her official capacity as Field Officer Dolores Public Lands Office (BLM/USFS), and
**GREG SHOOP,** in his official capacity as District Manager Royal Gorge Field Office,

       Defendants.

## ORDER

Kane, J.

This matter is currently before me on Plaintiffs' Motion to File a Second Amended Petition (doc. 59). Based on the forthcoming discussion, Plaintiffs' motion is DENIED.

BACKGROUND

Plaintiffs initiated this action nearly a year ago, filing their first petition for review on September 14, 2011. After the case was delayed by confusion related to the proper assignment of this case to the court's AP docket, Defendants filed their answer to Plaintiffs' first petition for review on January 20, 2012. In that answer, Defendants raised a variety of jurisdictional defenses. Soon thereafter, Plaintiffs filed their first amended petition for review.

After reviewing Plaintiffs' first amended petition for review, Defendants filed a motion to dismiss, asserting the jurisdictional defenses raised in their answer to Plaintiffs first petition for review.  Although Plaintiffs' response to that motion was due on May 4, 2012, Defendants acquiesced to a fourteen day extension of that deadline.  On May 18, 2012, Plaintiffs once again filed a motion for an extension of time, and, over Defendants' partial objection, I extended the deadline for Plaintiffs' response to Defendants' motion to dismiss to June 14, 2012.

In lieu of their much anticipated response to Defendants' motion to dismiss, Plaintiffs filed the instant motion, in which they seek permission to file a second amended complaint that which would allegedly address the arguments raised in Defendants' motion to dismiss.

DISCUSSION

Pursuant to Fed. R. Civ. P. Rule 15(a), Plaintiffs are entitled to amend their pleadings once as a matter of course.  Because Plaintiffs have already amended their original petition, however, they may amend their first amended petition for review only if "justice so requires."[1]  Although, in such circumstances, leave should be freely given, there exist many reasons that justify denial of such motions.  *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  Most relevant to these proceedings, where there is a failure to cure deficiencies by amendment previously allowed, a motion to amend a pleading may be denied.  *Id.*

In support of their desire to file a second amendment to their Petition for Review, Plaintiffs argue they could not have anticipated the "specific fact-based grounds for dismissal" contained in Defendants' motion to dismiss until Defendants actually filed their motion.  *Reply in Support* (doc. 61), at 2.  This argument does not, however, justify Plaintiffs' delay.

---

[1] Although Plaintiffs could also amend their pleading if Defendants consented, Defendants oppose the requested relief.

The jurisdictional defenses raised in Defendants' motion to dismiss mirror those presented in their answer to Plantiffs' original petition for review. After reviewing Defendants' answer and their affirmative defenses, Plaintiffs exercised their right to amend their Petition for Review as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B). That they failed to adequately address any deficiencies in their complaint at that time does not justify another bite at the apple.

## CONCLUSION

I am sympathetic to the personal issues faced by Plaintiffs' counsel, and I commend her decision to pursue this case on a *pro bono* basis. Those considerations are, however, irrelevant to the fact that Plaintiffs have already had an opportunity to address Defendants' jurisdictional defenses via amendment as a matter of course.

Because Plaintiffs have failed to demonstrate that justice requires they be allowed an opportunity to amend their petition for review, they are not entitled to relief under Fed. R. Civ. P. 15(a)(2). Accordingly, their Motion to File a Second Amended Petition (doc. 59) is DENIED. They shall respond to Defendants' Motion to Dismiss (doc. 51) no later than September 14, 2012. Defendants may file a reply thereto no later than September 28, 2012.

Dated: August 14, 2012                                    BY THE COURT:

                                                          **/s/ John L. Kane**
                                                          Senior U.S. District Court Judge